UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TZVI DOV ROTHFELD** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**PRESIDENT OF THE UNITED STATES,** )<br>**MR. DONALD J. TRUMP AND** )<br>**THE UNITED STATES DEPARTMENT** )<br>**OF STATE,** )<br>)<br>Defendants. )<br>) | Case No. 25-cv-03815 (APM) |

## MEMORANDUM OPINION

Plaintiff Tzvi Dov Rothfeld, proceeding pro se, brings several claims against Defendants President Donald J. Trump and the United States Department of State. Compl., ECF No. 1 [hereinafter Compl.], ¶¶ 6, 12. Because Plaintiff fails to raise a substantial federal question and his claims are patently frivolous, the court *sua sponte* dismisses the Complaint and this action.

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit" or "obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it 'is patently insubstantial, presenting no federal question suitable for decision.'" (internal quotation marks omitted) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994))). Claims are insubstantial and frivolous if they are "essentially fictitious" because they advance, for example, "bizarre conspiracy theories." *Best*, 39 F.3d at 330

(internal quotation marks omitted).  In such cases, a district court may dismiss the case *sua sponte*. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008).

Here, Plaintiff alleges a conspiracy to murder him to take his property.  Compl. ¶ 9.  The alleged conspiracy began in 2024 when a person impersonating Plaintiff went to the United States Embassy in Paris to obtain an emergency U.S. passport linked to Plaintiff.  *Id.* ¶¶ 1, 4–5.  The person impersonating Plaintiff departed and "is apparently being held in a federal prison under the designation 'Prisoner X.'"  *Id.* ¶ 7.  Plaintiff alleges his life, the life of his "Guardian of Property in New York," and his property are in immediate danger.  *Id.* ¶ 8.  The "suspect seeks to extract a will" from Plaintiff and "then murder [him], thereby taking all of [his] property from [his] Guardian of Property in New York."  *Id.* ¶ 9.  Ultimately, Plaintiff alleges that "all government officials, including the President, were negligent in these actions, and that the President bears direct responsibility for the conduct of any official acting in an official capacity on behalf of the United States."  *Id.* ¶ 12.  Plaintiff seeks compensatory damages in the amount of $5 million and punitive damages in the amount of $26 million, along with relief related to issuance of passports.  *Id.* ¶ 15.

The court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  But Plaintiff's claim is "patently insubstantial" and presents "no federal

question suitable for decision." *Best*, 39 F.3d at 330 (citations omitted).  Accordingly, the court dismisses the Complaint and this action for lack of subject matter jurisdiction.

    A separate final, appealable order accompanies this Memorandum Opinion.

Dated:  November 5, 2025

                                                  Amit P. Mehta
                                                  United States District Judge